Good morning and may it please the court. My name is Jonathan Jones and I'm here on behalf of the appellant Nathan Ward. The question here is whether Nathan Ward's trial counsel should have raised an entrapment defense after Ward was caught in a sting operation. From the beginning this case called for an entrapment defense. Ward was arrested for conspiring to rob a fake stash house and the entire premise of this case was a setup. There was no stash house, there were no drugs, and there was never any danger that there would be a robbery. What there was instead was sort of a fake million-dollar opportunity created by the government complete with an inside man that would make everything just a little bit easier. This was no ordinary opportunity. It was designed to be a tantalizing offer and it was designed to get people to take the bait. There's nothing in the record showing that these are the normal circumstances of a real stash house robbery. There's nothing in the record that this is the normal way to get into dealing drugs. And the result of this improper inducement is that Nathan Ward, who had no prior connection to drugs or robbery, and was not likely to get into any of this sort of action on his own, is in jail for decades instead of living and working. Well the difficulty is that with your argument is that he wasn't induced by a government agent. And so that's what distinguishes him from the co-defendant Mayfield. Respectfully, Your Honor, I think it's fair to say that he was induced by the government both through Mayfield and by Gomez himself. And so in Hollingsworth, this court made clear that there is a defense of derivative entrapment, which basically boils down to vicarious or derivative inducement. In this situation, Agent Gomez, who was the federal agent here, he specifically instructed Mayfield to go out and recruit a crew. He told him to go and get additional people to bring into the conspiracy. And as in Hollingsworth, this court found that that is sufficient to raise the issue of entrapment. In Hollingsworth, the court specifically explained that it was enough the government agent had induced the association of the two defendants. Again, in Hollingsworth, there wasn't any evidence of interaction between the secondary defendant and the actual government agent. But the court nevertheless found that Hollingsworth, the secondary defendant, was entitled to plead defense of entrapment and in fact found that he was entitled to a defense. So if you're advising Mr. Ward before trial, you have to make a decision about whether to pursue an entrapment defense. One question you might ask is, has the Seventh Circuit ever actually found a valid derivative or vicarious entrapment defense? And I think in this situation, the answer would be yes. Has this court, has that ever worked? Respectfully, Your Honor, I think that worked in Hollingsworth. So Hollingsworth was decided in 1994, 15 or 16 years before the trial in this case. And in Hollingsworth, there were two defendants, one who had interacted specifically with the government agent and another one whose participation was induced by the government agent, but specifically through sort of the first entrapee. And this court said that because the government had induced sort of the first entrapped defendant and then instructed him to go and get additional people to bring into the conspiracy, that they had induced that participation between the two defendants, that that qualified the second defendant to raise an entrapment defense. Okay. Are there any cases that you have found where ineffective assistance has been found for failure to pursue an entrapment defense? We have not found any cases where ineffective assistance has been found in that situation for failure to raise an entrapment defense. However, we know that entrapment is a legitimate defense and, you know, just recently Mayfield, this court, found that there are situations where it obviously can and should be raised. And so the situation here is, while we don't have specific precedent of cases finding ineffective assistance of counsel for failing to raise it, what we have here is a situation where it's obvious that entrapment was the best option available. Maybe, maybe not. I mean, it's obviously a very high risk strategy, right? You have to admit the wrongdoing. And in this case, it would have put the details of Mr. Sherman in front of the jury, right? Respectfully, Your Honor, we would disagree. First of all, the Supreme Court in Matthews said that you don't actually have to admit the wrongdoing. That's a strategic decision that the counsel could or could not have made, whether to admit it or not. But there's no requirement that you actually admit the wrongdoing. And secondly, I don't think that his prior convictions would have come in. In Sherman, the Supreme Court found that convictions of five and nine years as a matter of law were insufficient to show And so it's difficult to see how that would have come in to the district court. It simply was not evidence, relevant evidence of predisposition. In addition, it's not clear that those would have been similar enough in kind in order to come in and show evidence of predisposition. This is a situation where he robbed a stash house. In theory, he was convicted of conspiring to rob a stash house in order to acquire drugs and start dealing drugs. That is categorically different than getting in a fight 20 years ago. And so I don't think that those convictions would have come in. And in addition to that, that concern was not necessarily before his counsel at the time he made the decision not to submit a proffer and to sort of reject the entrapment defense. For example, he could have submitted a proffer to try and raise the entrapment defense. And if the court had allowed it to proceed, he could have moved and eliminated to exclude those prior convictions. And then he would have known what was going to happen. And he could have made a strategic decision at that point. But there was no constitutionally adequate reason to simply give up right off the bat an entrapment defense and instead pursue what amounted to him claiming that Nathan Ward here basically sarcastically agreed with a government agent to rob his stash house. This court in Shaw versus Wilson made clear that in determining whether a decision is objectively unreasonable, it's a relative decision. And you look at what the attorney did do and the attorney failed to raise what are objectively superior arguments, that that's ineffective assistance of counsel. And so in this situation, we look at what Ward's attorney did raise. Again, he argued to the jury both in opening and in closing that although Ward had spoken, was on record, they had a recorded conversation with a government agent talking about robbing his stash house, he was simply being sarcastic. And that the next day when he drove a van with the other conspirators to the arranged meeting place, he simply didn't know what he was doing. It's difficult to see how that had any likelihood of succeeding. It's difficult to see how that would convince a reasonable jury. And at the same time, he could have pursued an entrapment defense, a defense that this court already found had at least some merit with respect to his co-defendant, Leslie Mayfield. At that point, he could have raised derivative inducement as occurred in Hollingsworth. But this isn't a case of derivative inducement. Ward wasn't the target of the agents. Mayfield was. So this is a case of vicarious, if anything, vicarious or private entrapment, which is not available, as Hollingsworth explained. You're correct, Your Honor, that private entrapment is not available. And vicarious entrapment is not available. Derivative entrapment is when the government uses a real criminal to get at somebody else. And your client wasn't the target here. Mayfield was the target. And then Mayfield turned around and recruited others. Respectfully, Your Honor, the government instructed Mayfield to turn around and recruit others. And there's nothing in Hollingsworth that indicated that the government was specifically targeting Hollingsworth. What we see in Hollingsworth is that the government targeted a man named Pickard. And in the course of the association between the agent and Pickard, Hollingsworth was brought in to carry out part of the scheme. That's precisely what happened here. The government targeted Mayfield and then instructed him to bring others into the scheme. That's the sort of derivative inducement where you have a situation where the government is creating a criminal conspiracy. So in Mayfield, our in-bank decision seemed to rely on some pretty unusual facts. The history of the recruitment that included the gang history, the potential threats, taking advantage of Mayfield being down on his luck when his car or truck broke down, etc. All of which basically we said took the case outside the normal opportunity to commit a crime. Is there anything like that about Mr. Ward's participation in this scheme? Frankly, Your Honor, we don't have a lot of information about how Ward came to participate in this scheme simply because his attorney didn't pursue that line of defense. So there's very little information in the record about specifically how he came to be involved. We know that he came with Kindle after Mayfield went out and solicited. So Mayfield recruits Kindle, Kindle recruits Ward. Even the specifics of that interaction again are not clear. We know that Mayfield was instructed to go and get a crew. We know that Mayfield knew Kindle and that Kindle knew Ward and that by some means of association, everybody was brought in to participate in that conspiracy. I see that my time has expired, Your Honor, so unless there are additional specific questions, I will. All right, thank you. Thank you. Ms. Kastanek. Good afternoon, Your Honor. May it please the Court, Andrea Kastanek on behalf of the United States. It is not constitutionally ineffective for an attorney to not raise a defense that is legally unsound. The defendant's argument in this case seems to be premised on this idea that he cannot reap the benefits of this court's en banc decision in Mayfield, but he would not have been able to do so even if his attorney had raised an entrapment defense. He is in a fundamentally different position than what Mayfield was in. So this court's en banc decision in Mayfield emphasized the extraordinary inducements that were used by the confidential informant as to Mayfield, the persistent pressure, the repeated overtures that were met with resistance by Mayfield, the creation of a debt on Mayfield's part that could only be repaid by participating in a stash and common gang membership. And the court found that these things, not the stash house robbery opportunity with the money at stake that these participants could gain, but these additional inducements were what created a factual issue that warranted a new trial in Mayfield's case. What is significant here is that Ward does not even argue, much less support with factual allegations, that he was induced in any similar way. He does not allege that he knew of these inducements between the confidential informant and Mayfield. He does not allege that he owed a debt to any government agent, that he was repeatedly pressured, that a government agent, whether confidential informant or undercover, used friendship or camaraderie or any of these tools that were necessary to support an entrapment defense. All that's left is a derivative entrapment defense, but his derivative entrapment defense is vicarious liability. It is not derivative entrapment. Hollingsworth emphasizes that there must be communication of the inducement in order for there to be a derivative entrapment claim, and there is not here. It is a taint theory, the idea that simply because he was recruited by Mayfield, it taints everybody else in the robbery, and that is exactly what Hollingsworth rejected. Nonetheless, his attorney at trial did provide him proficient representation, so he waged a reasonable doubt defense. He supported it with the testimony of Mayfield at trial, and this is significant because if he would have pursued an entrapment defense, that attorney, Ward's attorney, would have had to stand up in closing argument and say that Mayfield, in exculpating Ward in his testimony, Mayfield testified Ward did not know about the robbery, did not agree to participate. Ward's attorney would have had to stand up and say Mayfield is lying. He did know, but he was entrapped, and although it may not be legally inconsistent to make that argument, it is not sound strategic strategy, and it is clear from the record that he received constitutionally adequate representation in this case, and for that reason, the government asks you to affirm the judgment of the district court. Has Mayfield been retried yet? He has not been. The case was transferred to Judge Chang. He filed a motion for discovery based on selective prosecution. That motion remains pending, and I believe the government's response is due in the next month. Thank you. Mr. Jones, your time had expired, but you may have a minute for rebuttal if you have anything further to say. Your Honor, counsel for the government suggested that there's no way to show respect to Mr. Ward because he didn't go through sort of the same sort of scenario that Leslie Mayfield went through. I'd point out again that in Hollingsworth, the nature of the inducement was primarily the opportunity to make a lot of money. Hollingsworth didn't deal with camaraderie or dress or any sort of similar situations that we saw in Mayfield. What happened in Hollingsworth was the government basically offered Pickard the opportunity to make a lot of money, and this court found that that was sufficient for inducement. The same sort of reasoning was applied here. Thank you for that response. All right. Thank you very much. Our thanks to both counsel. The case is taken under advise. Mr. Jones, were you court appointed? Yes, I was. All right. The court thanks you for your service to your client and the court. And that concludes our calendar today. The court will be in recess until next Tuesday.